335 WEST 101ST STREET Co., INC., Plaintiff, *v.* ISAAC JOFFE, Defendant.

City Court of New York, New York County, January 3, 1934.

*Nathan Frankel*, for the plaintiff.

*Harry B. Frank*, for the defendant.

LA FETRA, Ch. J.    This is a motion for permission to serve an amended answer setting forth two separate and distinct defenses — one, a cancellation of the contract of lease, and the other, a discharge of the rent reserved by virtue of proceedings theretofore taken by the defendant under the United States Bankruptcy Act (U. S Code, tit. 11.)

The action is to recover rent for the term subsequent to the filing of the petition in bankruptcy.   The defendant claims he was discharged from all liability therefor because of a final decree in said proceeding.   His schedules listed the liability as follows: " Rent past due for apartment at 175 West 93rd Street, New York City, under lease expiring September 30, $575.

" Amount contingently liable for future rents, unknown."

The lease reads in part as follows: " 2nd. In the event that the tenant shall fail to pay the monthly installment of rent as herein provided on the day when the same becomes due and payable, and such default shall continue for a period of Five days, then at the option of the Landlord, the entire unpaid balance of rent for the

term herein demised shall forthwith become due and payable, anything herein to the contrary notwithstanding. A waiver of a default in any one or more months shall not affect subsequent defaults or the remedy of the Landlord therefor."

Debts provable against an estate are recited in section 103 of title 11 of the United States Code, and include liabilities upon express contracts. Damages may be either liquidated or unliquidated. If liquidated, the amount is fixed; if not, evidence may be adduced to show the extent of said damages.

Subdivision b of section 103 is peculiarly pertinent for the court's consideration upon this application, and reads as follows: " (b) Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate." The debtor was either discharged from his debts recited in his schedules or the bankruptcy court still retains jurisdiction of the subject-matter. In the circumstances, the motion is denied, with costs to the plaintiff. Order signed.